# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SPIESS; KASHEEN THOMAS; GENE THOMAS, II; JALEEL HOLDEN; and JOSE LACEN,<br>    Plaintiffs<br>  v.<br>POCONO MOUNTAIN REGIONAL POLICE DEPT., TOBYHANNA TWP., MOUNT POCONO BOROUGH, TUNKHANNOCK TWP., COOLBAUGH TWP., CHIEF HARRY W. LEWIS, RICHARD W. LUTHCKE, JOHN P. BOHRMAN, LUCAS BRAY, CHRIS WAGNER, KENNETH LENNING, MONROE COUNTY, A.D.A. MICHAEL RAKACZEWSKI, and DET. WENDY BENTZONI,<br>    Defendants | No. 3:10cv287<br><br>(Judge Munley) |

## MEMORANDUM & ORDER

Before the court for disposition is the plaintiffs' motion (Doc. 27) to strike a portion of the answer of Defendants Monroe County, A.D.A. Michael Rakaczewski, and Det. Wendy Bentzoni (the "Monroe County Defendants"). (See Answer ¶ 5 (Doc. 24)).

The plaintiffs' complaint alleges, at Paragraph 5, that:

> 5. After months of incarceration, public ridicule and torment, Plaintiffs were finally released on bail. Then, on the eve of trial, the District Attorney, having manipulated all he could from the situation, summarily dismissed the charges against the Plaintiffs. At that time, it was also announced that Autumn Jiminez and Tonia McDonough, whose identities had never been publicly revealed, would not be prosecuted even though they admitted to making false accusations of rape against the Plaintiffs. That decision, like many others in this matter, was influenced by race. Specifically, it has been the practice of the District Attorney's Office to prosecute women who make false allegations of rape; however, they failed to do so here. First, the District Attorney did not do so because four (4) of

the five (5) Plaintiffs were black or Hispanic. Second, they did not do so because a trial would have exposed the racially motivated corruption at issue herein.

(Compl. ¶ 5 (Doc. 1)).

The Monroe County Defendants' answer, which forms the basis of plaintiffs' motion, responds to Paragraph 5 of the complaint as follows:

> 5. Denied. By way of further answer, the plaintiffs' suggestion that any of the defendants were motivated by race is not true, is not supported by evidence and is complete overreaching. Even the attorney for plaintiff, Gene Thomas II, commended the work of the District Attorney's Office and the Pocono Mt. Regional Police. He found no fault with the defendants' actions, deciding that it was appropriate for the defendants to have pursued such charges in light of the accusations that were made. As reported in a February 5, 2009 newspaper article published by the Pocono Record Newspaper, Thomas' attorney, William A. Watkins, is quoted as saying: "I commend the District Attorney's Office for having the courage to see the problems with this case. Similarly, I cannot fault the Pocono Mountain Regional Police for pursuing the matter when such serious accusations are made."
>
> http://www.poconorecord.com/apps/pbcs.dll/article?AID=/20090205/NEWS/902050329. Plaintiff Jaleel Holden's criminal defense lawyer, Michael Ventrella, also posted Watkins' praise of the defendants' actions on his own website: *See* http://www.mikeventrella.com/holden.htm. The plaintiffs' own criminal defense attorneys' statements belie the accusation now made and which claim that race was a factor in the filing of charges. There is no factual support for such a claim.

(Monroe County Defendants' Answer ¶ 5 (Doc. 24)).

The plaintiffs complain that the Monroe County Defendants' answer contains prejudicial hearsay statements and that there is a risk that the jury will attribute the statements made by the criminal defense attorneys to the plaintiffs. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.' The Court has 'considerable discretion' in disposing of a motion to strike under Rule 12(f)." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citations omitted)

(quoting North Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)). The basis of a court's determination on a motion to strike is limited to the pleadings. North Penn, 521 F. Supp. at 159.

Reading the offending paragraph, and noting the standard of review for a motion to strike under Rule 12(f), we determine that the answer is not "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). To the extent that the plaintiffs fear they will be prejudiced before the jury by statements made by their criminal defense attorneys, we find that it would be premature to rule on the admissibility of the actual statements upon which the answer is based. The plaintiffs will, in due course, have an opportunity to seek to exclude any evidence they deem inappropriate.

Accordingly, upon consideration of the plaintiffs' motion (Doc. 27) to strike Paragraph 5 of the answer of Defendants Monroe County, A.D.A. Michael Rakaczewski, and Det. Wendy Bentzoni, it is HEREBY **ORDERED** that the motion is **DENIED**.

DATED: February 14, 2011   BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**