## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM SPIESS; KASHEEN** | : | **No. 3:10cv287** |
| **THOMAS; GENE THOMAS, II;** | : | |
| **JALEEL HOLDEN; and JOSE** | : | **(Judge Munley)** |
| **LACEN,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | |
| **POCONO MOUNTAIN REGIONAL** | : | |
| **POLICE DEPT.; TOBYHANNA TWP.;** | : | |
| **MOUNT POCONO BOROUGH;** | : | |
| **TUNKHANNOCK TWP.;** | : | |
| **COOLBAUGH TWP.; CHIEF** | : | |
| **HARRY W. LEWIS; RICHARD** | : | |
| **W. LUTHCKE; JOHN P. BOHRMAN;** | : | |
| **LUCAS BRAY; CHRIS WAGNER;** | : | |
| **KENNETH LENNING; MONROE** | : | |
| **COUNTY; A.D.A. MICHAEL** | : | |
| **RAKACZEWSKI; and DET. WENDY** | : | |
| **BENTZONI,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is the plaintiffs' motion to amend the complaint (Doc. 55). The motion has been fully briefed and is ripe for disposition.

## Background

We will briefly recite the facts that are relevant to the instant motion. Plaintiffs William Spiess, Kasheen Thomas, Gene Thomas, II, Jaleel Holden and Jose Lacen (collectively "plaintiffs") bring this Section 1983 action alleging that the defendants violated their civil rights. The plaintiffs were arrested and charged with raping two girls–sixteen year old AJ and fifteen year old TM– on the night of February 9, 2008. (Doc. 1, Original Compl. ¶ 1). Plaintiff Spiess alleges that he did not engage in any sexual acts with either girl. (Id. ¶ 38). The remaining plaintiffs allege that they

engaged only in consensual sex acts with the two girls.  (Id.)

On the morning of February 11, 2008, the two girls went to the Pocono Mountain Regional Police Department (hereafter the "Department").  (Id. ¶¶ 12, 46).  The plaintiffs allege that the two girls were interviewed separately and gave substantially conflicting stories regarding the occurrences of February 9, 2008.  (Id. ¶¶ 47, 48).

The plaintiffs also allege that AJ had made two previous complaints of sexual molestation against a family member to the Department.  (Id. ¶ 57).  The plaintiffs alleged that the Defendant Detectives Lutchke, Borhman, Bray, Lenning, Wagner and Bentzoni (collectively "Defendant Detectives") as well as Assistant District Attorney Michael Rakaczewski (hereafter "ADA Rakaczewski") were involved in these prior rape allegations and "were fully aware of AJ's mental health issues and that she had a history of reporting unfounded rape allegations . . . [and that] she was a pathological liar." (Id. ¶ 63).  Ultimately, these prior complaints were allegedly either recanted or closed as unfounded after detectives interviewed the girl's family and investigated her treatment at mental health facilities. (Id. ¶¶ 58-62).

Despite the apparent inconsistencies and with knowledge of AJ's history of unfounded sexual assault allegations, the Defendant Detectives, Chief Lewis and ADA Rakaczewski took the girls' statements as an opportunity to appear responsive to violent crime and gangs.  (Id. ¶¶ 52, 55, 63, 81, 82, 83, 84, 94, 95).  The plaintiffs also allege that their treatment by the defendants was racially motivated–with the exception of Plaintiff Spiess, the plaintiffs are either African American or Hispanic.  (Id. ¶¶ 5, 55).

The plaintiffs allege that the Defendant Detectives, Chief Lewis and ADA Rakaczewski "crafted affidavits of probable cause wherein they knowingly[,] deliberately, or with reckless disregard for the truth, concealed material facts and exculpatory evidence while, at the same time, including statements that they knew or should have known were false."  (Id. ¶ 96). Specifically, these defendants allegedly designed the affidavit to hide inconsistencies in the girls' statements.  (Id. ¶ 97).  The plaintiffs allege that the Defendant Detectives, Chief Lewis and ADA Rakaczewski withheld facts contradicting or undermining their affidavit.  (Id. ¶ 98).  The plaintiffs allege that, at the time of the initial interviews, the Defendant Detectives, Chief Lewis and the Monroe County District Attorney's Office had a statement signed by TM and her parents indicating that Plaintiff Spiess was not involved in the rape.  (Id. ¶ 85).

Detectives arrested the plaintiffs and they "were charged with, inter alia, multiple felony counts of forcible rape, conspiracy to commit forcible rape, conspiracy to commit involuntary deviate sexual intercourse, and sexual assault."  (Id. ¶ 77).  The plaintiffs allege that their arrest and charges received widespread and harmful media coverage.  (Id.)

The plaintiffs also allege that the Defendant Detectives and ADA Rakaczewski encouraged the girls to confer to iron out their stories before testifying at the preliminary hearing before a magistrate to bind the plaintiffs over for trial.  (Id. ¶ 101).  The plaintiffs allege that the defendants did not drop their charges even after the two girls gave testimony in the preliminary hearing that contradicted their earlier statements or other evidence.  (Id. ¶ 102).  The plaintiffs could not afford bail, which was set at $250,000.00, and were held at the Monroe County Correctional Facility.

(Id. ¶¶ 77, 78).  Ultimately, the charges against the plaintiffs were dropped on the eve of trial.  (Id. ¶ 108).  AJ and TM allegedly admitted that their rape accusations were false.  (Id. ¶ 5).

The plaintiffs filed the original complaint on February 8, 2010.  (Doc. 1, Original Compl.).  On March 8, 2010, Defendants Monroe County, the Monroe County District Attorney's Office, District Attorney E. David Christine Jr. (hereafter "DA Christine"), ADA Rakaczewski and Detective Wendy Bentzoni (hereafter "Detective Bentzoni") filed a motion to dismiss. (Doc. 10).  On July 26, 2010, this court granted, in part, and denied, in part, the motion and pursuant to our rulings, the Monroe County District Attorney's Office and DA Christine were dismissed from the case.  (Doc. 23).

The plaintiff filed the instant motion to amend the complaint on April 17, 2012, seeking to add another defendant and two failure to train/supervise claims.  (Doc. 55).  The plaintiffs filed a copy of the proposed amended complaint for the court's consideration.  (Doc. 57, Attachs. 3, 4, 5).  On April 23, 2012, Defendants Monroe County, ADA Rakaczewski and Detective Bentzoni filed a brief in opposition to the motion.  (Doc. 58).  On April 27, 2012, the Department, Chief Lewis and Detectives Lutchcke, Bohrman, Bray, Wagner and Lenning also filed a separate brief in opposition to the motion.  (Doc. 60).[1]  The parties have

---

[1] The attorney for the Department, Chief Lewis and Detectives Lutchcke, Bohrman, Bray, Wagner and Lenning filed a brief titled "Brief of the Pocono Mountain Regional Police Department in Opposition to the Plaintiffs' Motion to Amend the Complaint," however, the brief does not indicate whether the brief was filed on behalf of all the defendants or only the Department.  (Doc. 60).  We will refer to "Defendant Department" when

fully briefed the motion, bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this civil rights action brought under 42 U.S.C. § 1983.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**Discussion**

The plaintiffs move to amend the complaint to add an additional defendant and two failure to train/supervise claims to the complaint.[2] Defendant Department addresses the new defendant, while Defendants Monroe County, ADA Rakaczewski and Detective Bentzoni primarily address the proposed failure to train/supervise claims.  We will address the defendants' arguments as they relate to each proposed amendment.

**1.  Adding the Commission as a defendant**

The plaintiffs seek to name the Pocono Mountain Regional Police Commission (hereafter the "Commission"), an administrative body that governs the Department, as a defendant in the instant case.  (Doc. 57, Pl. Br. in Supp. at 3).  At the time that they initiated this action, the plaintiffs

_____

addressing the arguments raised in that brief.

[2] The plaintiffs are also voluntarily dismissing Kenneth Lenning as a defendant and withdrawing Counts III, V, VI & VII of the original complaint. (Doc. 57, Pl. Br. in Supp. at 11).  Accordingly, the motion to amend will be granted as unopposed with respect to the voluntary dismissal and withdrawal of those claims.

believed that Chief Lewis was the sole decision-maker and policymaker of the Department.  However, the plaintiffs recently learned that the Commission also serves in a policymaking capacity.  (Id. at 10).  The plaintiffs claim that they did not have access to an organizational document explaining the role of the Commission until discovery.  The document states:

> Generally, all orders, directives, inquiries, reports, hearings and policy information, will be transacted through the Chief of Police.  However, the Commission members have the authority to assume control and direct the official action of the members of the Department when acting in their official capacity.  In addition, the Commission members, when acting, may require manual accountability from individual members of the Department.

(Doc. 57, Attach. 1).

Defendant contends that this proposed amendment is barred by the statute of limitations, thus, the motion should be denied.  While a plaintiff may add a new defendant under Federal Rule of Civil Procedure 15(c)(1)(C), which allows for amendments to relate back to the filing date of the original pleading, defendant claims that the plaintiffs cannot satisfy all of the requirements under that Rule, particularly that the Commission knew or should have known that it would have been brought in as a party to this suit.  See FED.R.CIV.P. 15(c)(1)(C)(ii).  We disagree with defendant and find that the amendment relates back to the original pleading and is not barred by the statute of limitations.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading outside of the applicable time line provided by the Rule only with the opposing party's written consent or the court's leave.  FED.R.CIV.P. 15(a)(2).  District courts are obligated to grant leave

freely "when justice so requires." Id.  Decisions on motions to amend are committed to the sound discretion of the district court.  Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990).

The Supreme Court discussed the liberal standard to amend a complaint under Rule 15(a), when it found in Forman v. Davis that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment . . . , the leave sought should, as the rules require, be freely given." Provenzano v. Integrated Genetics, et al., 22 F. Supp. 2d 406, 410-11 (3d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  The party opposing an amendment has be burden of demonstrating prejudice.  Kiser v. General Elec. Corp., 831 F.2d 423, 427-28 (3d Cir. 1987).

In applying Rule 15(a), the Third Circuit Court of Appeals regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).  Absent undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the V.I., 663 F.2d 419, 425 (3d Cir. 1981) (citing Cornell, 573 F.2d at 823).

When a plaintiff wishes to name a new party to a lawsuit after the statute of limitations has expired on her claims, plaintiff must comply with

the conditions of Federal Rule of Civil Procedure 15(c).  "If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time."  Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (citing Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Three requirements must be satisfied under Rule 15(c): (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading; (2) within the period provided by Rule 4(m),[3] the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (3) within the period provided by Rule 4(m), the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  FED.R.CIV.P. 15(c)(1)(C)(i)(ii).  Plaintiff has the burden of demonstrating each of the three requirements.  See Garvin, 354 F.3d at 222.

The Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2490 (2010).  In Krupski v. Costa Crociere S.p.A, the Court explained that the appropriate focus under Rule 15(c)(1)(C)(ii) is on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant."

---

[3] Federal Rule of Civil Procedure 4(m) provides a defendant must be served within 120 days after the complaint is filed.  FED.R.CIV.P. 4(m).

Id. at 2496.  The "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."  Id. 2493-94.

In Garvin v. City of Philadelphia, the Third Circuit held that "an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time."  Garvin, 354 F.3d at 221-22.  However, the Supreme Court clarified in Krupski that the plaintiff's knowledge of a party's existence should not be conflated with mistake.  Rather:

> A plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

Krupski, 130 S. Ct. at 2494.

In the instant case, the parties do not dispute that the statute of limitations on the plaintiffs' claims expired, therefore, the amendment must relate back to the original complaint.  Defendant Department concedes the first and second requirements under Rule 15(c), as the claims the plaintiffs seek to assert against the Commission arose out of the same occurrence alleged in the original complaint and the Commission had notice of the lawsuit within the required time period.  However, defendant argues the plaintiffs cannot demonstrate that the Commission knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.  FED.R.CIV.P. 15(c)(1)(C)(ii).

Defendant asserts that the plaintiffs alleged in the original complaint

that Department officers and ADA Rakaczewski brought charges against the plaintiffs based upon "shameful lies on which Defendants were fully aware." (Doc. 60, Def. Dep't Br. in Opp. at 12, quoting Original Compl. ¶ 1).  Defendant claims that the plaintiffs need to demonstrate that the Commission members were complicit in a bogus prosecution fueled by racial bias.  It argues that, "[u]nless plaintiffs' counsel are prepared to represent to this Court that the Commission members acted out of racial bias, the statute of limitations has run and these claims do not relate back to the original Complaint under Rule 15."  (Id. at 13).

We find the pleadings in the original complaint are not so limited as to only allege racial bias of individual officers.  Rather, the plaintiffs also alleged unlawful administration of criminal proceedings, including the assignment, control, oversight and supervision of Department officers involving the interviews, investigations and/or arrests of the plaintiffs. (Original Compl. ¶ 167).  Based on the original allegations, we find that the Commission, while claiming that it did not know, should have known that this action would have been brought against it.

The Commission is essentially comprised of or associated with Chief Lewis, the Department and the four municipalities, all of which have been defendants in this suit since its inception.  The original complaint asserted claims against Chief Lewis as a decision-maker and policymaker for the Department.  (Id. ¶ 165).  The Commission is also a policymaker for the Department and has "the authority to assume control and direct the official action of the members of the Department when acting in their official capacity." (Doc. 57-5, Org. Doc. at 1).  The original complaint asserted claims against the Department, a police force which the Commission had

10

"authority to assume control and direct the official actions of the members . . . ." (Id.)  The Commission itself is comprised of members from Tobyhanna Township, Mount Pocono Borough, Tunkhannock Township and Coolbaugh Township, all of which were named as defendants in the original complaint.  (Doc. 60-1, Ex. B., Declaration of Harry J. Coleman at ¶ 5).

It is clear that the Commission, due to its role and formation, should have been a defendant in the instant case which involves the plaintiffs' criminal proceeding.  We find that the Commission should have known that it would be a defendant, satisfying the only contested requirement under Rule 15(c).  Accordingly, we find that the amendment relates back to the original pleading and is not barred by the statute of limitations.

Defendant Department also argues that plaintiffs' counsel was aware of the existence of the Commission as far back as March 2010, therefore, the choice to not sue the Commission was deliberate and not a mistake. (Doc. 60, Def. Dep't Br. in Opp. at 13-14).  The plaintiffs explained that while they knew of the Commission's existence, they did not learn that the Commission was a policymaker until recent discovery and depositions. (Doc. 57, Pl. Br. in Supp. at 3-4).  We find that this important distinction was emphasized by the Supreme Court in Krupski.  See Krupski, 130 S. Ct. at 2494.  Plaintiffs did not make a deliberate choice not sue the Commission, but instead they only recently realized the Commission's status or role as a policymaker and its connection to the underlying claims. Such a mistake is allowable under Rule 15(c).

Defendant Department also suggests that the plaintiffs' delay in moving for the amendment is grounds for this court to deny the motion

11

under Rule 15(a).  However, "[d]elay alone is not sufficient to justify denial of leave to amend." <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204 (3d Cir. 2006) (citing <u>Adams v. Gould Inc.</u>, 739 F.2d 858, 868 (3d Cir.1984)).   A district court may deny a motion to amend if the plaintiff's delay is undue, motivated by bad faith or prejudicial to the opposing party.  <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263, 266 (3d Cir. 2008) (citing <u>Adams</u>, 739 F.2d at 864).  Delay is "undue" when it places unwarranted burden on the court, is prejudicial in placing an unfair burden on the opposing party, or when the moving party had a previous opportunity to amend and failed to do so.  <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted).  "[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner."  <u>Id.</u>

In the instant case, while defendant indicates that the amendment was delayed, defendant fails to indicate how, if at all, defendant was prejudiced by the delay.  Delay alone is not sufficient to deny the motion.  The plaintiffs explained their reason for now moving to amend the complaint.  We do not find that there will be an unfair burden on defendants in allowing for the amendment to add the Commission.  Accordingly, we will allow plaintiffs to amend the complaint to add the Commission as a defendant.

## 2.  Failure to train/supervise claims

The plaintiffs also seek to amend the complaint to add two counts for failure to train/supervise.  Count VIII of the proposed amended complaint names the municipalities, the Commission, the Department and Chief Lewis for failure to train/supervise.  (Doc. 57-5, Am. Compl. ¶¶ 184-205).  Count IX of the proposed amended complaint names Monroe County and

DA Christine for failure to train/supervise.  (Id. ¶¶ 206-33).[4]

Defendant Department does not raise any specific argument as to the proposed failure to train claim asserted against them, as they devoted the majority of their brief to opposing the amendment to add the Commission as a defendant.  The defendant has the burden of demonstrating prejudice of an amendment and they have failed to do so. See Kiser, 831 F.2d at 427-28.  Accordingly, we will allow for the amendment for the failure to train/supervise claim as it relates to the Department, Municipalities, Chief Lewis or the Commission.

Defendants Monroe County, ADA Rakaczewski and Wendy Bentzoni oppose the proposed amendment to add a failure to train/supervise claim asserted against Monroe County and DA Christine.[5]  Defendants essentially assert three arguments: they will be prejudiced by the amendment, the statute of limitations expired and the amendment will require additional discovery.

As stated above, the possibility of prejudice to the non-moving party is the "touchstone for the denial of the amendment."  Bechtel, 886 F.2d at

_____

[4] The court notes that in the plaintiffs' brief in support of their motion to amend the complaint, they state that they wish to bring a failure to train claim against the Department, the Department Municipalities, the Commission and Chief Lewis.  (Doc. 57, Pl. Br. in Supp. at 10).  However, in their proposed amended complaint, they also added the claim against Monroe County and DA Christine.  (Doc. 57-5, Am. Compl. ¶¶ 206-33).

[5] While Defendants Monroe County, ADA Rakaczewski and Detective Bentzoni argue that they oppose the motion to add a new defendant and the failure to train/supervise claims, they only direct their argument to the latter.  As such, we will only address their argument as to the failure to train/supervise claim.

13

652 (quoting <u>Cornell</u>, 573 F.2d at 823).  Defendants argue that they would
be prejudiced by plaintiffs' proposed amendment, particularly because the
Monroe County District Attorney's Office and DA Christine were dismissed
from this case pursuant to this court's ruling on Defendants Monroe
County, ADA Rakaczewski and Detective Bentzoni's motion to dismiss.
(Doc. 23, Memo. & Order).  They argue that "[t]he parties took all of the
depositions based on the premise that District Attorney Christine and the
Monroe County DA's office were not parties and that the plaintiffs had no
claim against DA Christine for his failure to properly train Assistant D.A.
Michael Rakaczewski and Monroe County Detective Wendy Bentzoni."
(Doc. 58, Def. Monroe Cnty. Br. in Opp. in to Mot. to Am. at 3-4).

The plaintiffs argue that defendants will not be prejudiced.  They
explain that at the time they initiated this action, plaintiffs believed that the
individually named detectives were properly trained and/or supervised.
(Doc. 57, Pl. Br. in Supp. at 10).  Discovery revealed that the defendant
detectives did not have the level of training, experience and/or supervision
necessary and/or required for the highly specialize sexual abuse and rape
charges at issue in this action.  (<u>Id.</u> at 11).  Specifically, the plaintiffs allege
that Defendant Monroe County, through its policymaker DA Christine, did
not provide adequate training and/or supervision and Detective Bentzoni
did not possess the minimum qualifications for the County Detective
position.  (<u>Id.</u> at 7-9).

First, we must reiterate our rulings in our Memorandum dated July
26, 2010.  (Doc. 23, Memo & Order).  We denied Monroe County's motion
to dismiss, finding that based on state law the plaintiffs sufficiently alleged
that DA Christine was a final policymaker for Monroe County in the area of

14

training and supervising assistant district attorneys and detectives with regard to sexual assault investigations and abuse of power.  (Id. at 17-18). Therefore, the plaintiffs properly pleaded a claim of municipal liability against Monroe County and it could be liable for DA Christine's actions. (Id. at 18).

We dismissed the Section 1983 claim against DA Christine, as the claim was brought against him solely in his official capacity and was duplicative of the surviving claim against Monroe County.  (Id. at 19).  The Monroe County District Attorney's Office was voluntarily dismissed by the plaintiffs.  (Id. at 13 n.4; Doc. 23,Order).

Under the instant motion to amend, we agree with defendants that it appears that the plaintiffs are attempting to reassert claims against DA Christine despite the fact he was dismissed from this lawsuit.  While the plaintiffs claim that they do not propose to add DA Christine as a defendant, they did not remove his name from the caption, they named him as a defendant in the heading before the proposed failure to train/supervise claim and they refer to him as "Defendant Christine" throughout Count IX for failure to train/supervise.  (Doc. 57-5, Am. Compl. ¶¶ 206-33).

As we previously explained, a claim against DA Christine as a policymaker for Monroe County is the same as a claim against the municipality itself.  (Doc. 23, Mem. & Order at 19, citing Kentucky v. Graham, 473 U.S. 159, 166 n.14 (1985)).  Therefore, to the extent that the plaintiffs wish to pursue claims against DA Christine in his official capacity, the proposed amendment will be denied as futile.  See Riley v. Taylor, 62 F.3d 86, 92 (3d Cir. 1995) (quoting Jablonski v. Pan Am. World Airways,

Inc., 863 F.2d 289, 292 (3d Cir.1988) ("An '[a]mendment of the complaint is futile . . . if the amended complaint cannot withstand a renewed motion to dismiss.'").  We will, therefore, direct plaintiffs to remove DA Christine's name from the caption, the heading of Count IX and any reference to him as a defendant.

Defendants also argue that they participated in substantial discovery in the case under the impression that the plaintiffs did not claim that DA Christine and Monroe County failed to properly train ADA Rakaczewski and Detective Bentzoni.  Therefore, they claim that defendants would be prejudiced by the new claim against Monroe County.

Again, we refer to our motion to dismiss decision.  We denied Defendant Monroe County's motion to dismiss because we found that "the plaintiffs have alleged that DA Christine was a final policymaker for Monroe County in the area of training and supervising assistant district attorneys and detectives with regard to sexual assault investigations and abuse of power."  (Doc. 23, Mem. & Order at 17-18) (emphasis added).  We also found that "[t]he plaintiffs have alleged plausible claims of failure to train and supervise."  (Id. at 18).  Furthermore, "the plaintiffs have taken care only to allege acts or omissions of DA Christine for which the County may be liable."  (Id.)  Based on our findings, it was incorrect for the defendants to assume that Monroe County could not be liable for the acts or omissions of DA Christine in his official capacity as a policymaker, in particular for his training and supervision of the assistant district attorneys and detectives. DA Christine was dismissed as a defendant because the claim against him was duplicative of the existing and surviving claim against Monroe County. Our rulings on the defendant's motion to dismiss did not affect Count VII of

the original complaint, "Administrative / Supervisory Liability," against Defendant Monroe County, as it could be held responsible for the purposes of municipal liability.

Furthermore, the proposed amendments submitted by the plaintiffs are similar to those in the original complaint. In the original complaint, plaintiffs allege that DA Christine was a policymaker and administrator "responsible for the formulation and / or implementation of all practices, policies and procedures of the office; the discipline, assignment, training and supervision of staff, including assistant district attorneys and detectives; and all other day-to-day operations, oversight, command and control of the office." (Doc. 1, Original Compl. ¶ 26). The plaintiffs further alleged that DA Christine was responsible for the "assignment, control, command, oversight and supervision of assistant district attorneys and detectives involved in rape and assault investigations." (Id. ¶ 176). Defendants should have been conducting discovery pursuant to the allegations in the original complaint that are similar to the new claim of failure to train/supervise. Therefore, we find that defendants will not be prejudiced by the amendment.

Defendants also argue that the proposed failure to train/supervise claim is barred by the statute of limitation. We disagree. The proposed claim against Monroe County arose out of the occurrence set forth in the original pleading alleging the unlawful investigation and/or arrest the plaintiffs in the underlying criminal case. FED.R .CIV.P. 15(c). Therefore, the amendment relates back to the original pleading and is not barred by the statute of limitations.

Finally, defendants argue that the court should consider the plaintiffs'

17

undue delay in its motion to amend, because adding a new claim at this stage of litigation would require a significant extension of the case management deadlines to avoid prejudice.[6]  See Heyl & Patterson Int'l, Inc., 663 F.2d at 425 (citing Cornell, 573 F.2d at 823).

During a recent discovery conference call, we indicated that we would extend all case management deadlines. (See Doc. 52).  While the most recent order omitted the discovery deadline, such an extension was permitted.  Additionally, in light of our ruling on the plaintiffs' motion to amend, we find that it may be necessary to allow the parties to conduct additional discovery.  Therefore, we will grant the parties a sixty-day discovery extension from the date of this order.

## Conclusion

For the reasons stated above, the plaintiffs' motion to amend the complaint will be granted, in part, and denied, in part.  The motion will be granted, as unopposed, with respect to dismissing Kenneth Lenning as a defendant.  The motion will also be granted as unopposed as to the voluntary withdrawal of Counts III, V, VI and VII.

The motion to amend the complaint to add the Commission as a defendant will be granted.  The motion to add two failure to train/supervise counts will be granted with respect to all defendants except for DA Christine.  The plaintiffs will be ordered to remove any reference to DA Christine as a defendant in this case.  The plaintiffs will also be directed to

---

[6] Defendants also contend that plaintiffs offer no proper explanation as to why they suddenly discovered new claims.  We do not find any merit in this argument as the plaintiffs clearly indicated that they discovered the new claim during recent deposition and clearly set forth the reasons for the amendment.

18

file the amended complaint with corrections and amendments within fourteen (14) days from the date of this order.

All case management deadlines will be extended sixty (60) days from the date of this order.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM SPIESS; KASHEEN THOMAS; GENE THOMAS, II; JALEEL HOLDEN; and JOSE LACEN,** | : : : : | **No. 3:10cv287** |
| **Plaintiffs** | : | **(Judge Munley)** |
| **v.** | : | |
| **POCONO MOUNTAIN REGIONAL POLICE DEPT.; TOBYHANNA TWP.; MOUNT POCONO BOROUGH; TUNKHANNOCK TWP.; COOLBAUGH TWP.; CHIEF HARRY W. LEWIS; RICHARD W. LUTHCKE; JOHN P. BOHRMAN; LUCAS BRAY; CHRIS WAGNER; KENNETH LENNING; MONROE COUNTY; A.D.A. MICHAEL RAKACZEWSKI; and DET. WENDY BENTZONI,** | : : : : : : : : : : : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 31st day of May 2012, upon consideration of the plaintiffs' motion to amend the complaint (Doc. 55), it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  The motion is **GRANTED** as unopposed with respect to Defendant Kenneth Lenning and he is hereby **DISMISSED** from the case;

2.  The motion is **GRANTED** as unopposed with respect to the withdrawal of Counts III, V, VI and VII from the complaint;

3.  The motion is **GRANTED** with respect to adding Defendant Pocono Mountain Regional Police Commission as a defendant in the case;

20

4.  The motion is **GRANTED** with respect to the addition of two failure to train/supervise counts, except to the extent those claims are against DA Christine.  The plaintiffs are hereby **ORDERED** to remove District Attorney E. David Christine from the amended complaint;

5.  The plaintiffs are **DIRECTED** to file their amended complaint with corrections within fourteen (14) days of this order; and

6.  The case management deadlines are extended as follows:

    Discovery shall be completed by **July 30, 2012**;

    Plaintiff's Expert Reports shall be filed by **July 30, 2012**;

    Defendant's Expert Reports shall be filed by **August 29, 2012**;

    Dispositive Motions shall be filed by **August 19, 2012**.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**