**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM SPIESS, KASHEEN THOMAS, GENE THOMAS, II, JALEEL HOLDEN and JOSE LACEN, | : : : : : | |
| Plaintiffs, | : : | No. 3:10-CV-287 |
| vs. | : : | |
| POCONO MOUNTAIN REGIONAL POLICE DEPARTMENT, et al., | : : : | |
| Defendants. | : | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE EXHIBITS FILED BY THE POCONO MOUNTAIN DEFENDANTS IN SUPPORT OF THEIR MOTIONS FOR <u>SUMMARY JUDGMENT</u>**

Plaintiffs William Spiess, Kasheen Thomas, Gene Thomas, II, Jaleel Holden and Jose Lacen (collectively, "Plaintiffs"), by their undersigned counsel, hereby submit this brief in support of their motion to strike certain exhibits in support of the motions for summary judgment filed by Defendants Pocono Mountain Regional Police Department, Pocono Mountain Regional Police Commission, Harry Lewis, Richard Lutchke, Chris Wagner, John Bohrman and Lucas Bray (collectively, the "Pocono Mountain Defendants").

## I.     RELEVANT FACTUAL BACKGROUND

Plaintiffs commenced this action by filing a Complaint against multiple defendants on February 8, 2010. Thereafter, the parties engaged in extensive discovery on the claims and/or defenses asserted in the action, including the exchange of voluminous documents and the depositions of approximately twenty (20) individuals and entities. Based on the information revealed during the aforesaid discovery process, Plaintiffs filed a motion for leave to amend its complaint to include additional failure to train/supervise claims, and to add the Pocono Mountain Regional Police Commission as a defendant. Plaintiffs also voluntarily dismissed Detective Kenneth Lenning as a defendant, and voluntarily dismissed Counts III, V, VI & VII from the Complaint. This Court granted Plaintiffs' motion for leave to amend by Order dated May 31, 2012 and, accordingly, extended the deadline for the completion of factual discovery to July 30, 2012.

After the close of discovery, the Pocono Mountain Defendants filed multiple motions for summary judgment, with supporting exhibits. However, as set forth more fully below, certain of the exhibits include an affidavit of the former chief of police, John P. Lamberton, who was never identified by the Pocono Mountain Defendants as an individual with any knowledge of the claims and/or defenses in this matter (Exhibit "R"), as well as an administrative complaint filed against the

Department and Detective Bray (Exhibit "O") and statistical arrest data (Exhibit "N") which were never identified or produced by the Pocono Mountain Defendants.  Needless to say, these exhibits -- which are attached hereto as Exhibit "1" -- are entirely inappropriate and highly prejudicial to Plaintiffs and, therefore, must be stricken from the summary judgment record.

## II.    ARGUMENT

Fed.R.Civ.P. 37, **FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTIONS**, provides, in relevant part:

> (c)(1)  *Failure to Disclose or Supplement*.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1)(emphasis added).   To this end, Rule 26(a)(1), **Required Disclosures/Initial Disclosures**, states:

> (A)   Except ad exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party **must**, without awaiting a discovery request, provide to the other parties:
>
> (i)   the name and, if know, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

3

> (ii) a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A)(i)-(ii)(emphasis added).

Although the Pocono Mountain Defendants provided the required Rule 26 Disclosures to Plaintiffs on December 30, 2010 -- a true and correct copy of which is attached hereto as Exhibit "2" -- they **DID NOT** identify the former police chief, John P. Lamberton, as an "individual likely to have discoverable information" pertinent to the claims or defenses in this case as required by Rule 26. (See Exhibit "2" at unnumbered pp.1-3). Nor did they supplement their disclosures prior to the expiration of the discovery deadline on July 30, 2012. Now, after the close of discovery, the Pocono Mountain Defendants submit a lengthy and self-serving affidavit from Chief Lamberton in support of their motions for summary judgment (See Exhibit "1" attached hereto at Exhibit "R"). To make matters worse, the affidavit makes reference to and includes monthly training reports which were also never identified or produced in discovery, despite multiple requests by Plaintiffs for the production of same.

In Exhibit "N" in support of their motion, the Pocono Mountain Defendants also, for the first time, provide an analysis of certain statistical data purportedly obtained from the Department's "records management system" for "all rape and

4

sexual assault cases from 6/15/2004 – 6/15/2008".  (See Exhibit "1" attached hereto at Exhibit "N" unnumbered p.1).  The Pocono Mountain Defendants never identified or otherwise disclosed these documents prior to the close of discovery.

In fact, in Paragraph 9 of Plaintiffs' First Request for Production of Documents -- a true and correct copy of which is attached hereto as Exhibit "3" -- Plaintiffs specifically requested "all statistical reports prepared by or for the benefit of Defendant Pocono Mountain Regional Police Department since January 1, 2005 which relate to forcible rape or sex offenses . . . , including but not limited to, the monthly statistical reports published on Defendant Pocono Mountain Police Department's website".  Although the Pocono Mountain Defendants provided limited monthly statistical reports from the Department's website for the months of June, July and August of 2010, they further represented that they were "in the process of collecting the remaining statistical information and [would] supplement this response in the near future".  (A true and correct copy of the aforesaid response is attached hereto as Exhibit "4").  Defendants had 2 years to supplement their response to this request by producing any additional statistical data, but never did so.  In fact, as the Court will see, the Pocono Mountain Defendants did not even start to look for and/or put any further statistical data together until just recently requested by their counsel on July 25, 2012 -- just 5 days prior to the

expiration of the July 30, 2012 discovery deadline.  Even then, they failed to provide it to Plaintiffs prior to the close of discovery.

Finally, in Exhibit "O", the Pocono Mountain Defendants attach what appears to be a Notice of Findings from the U.S. Department of Justice dated November 9, 2011 in connection an unrelated "administrative Complaint" filed against the Department and Defendant Bray.  (See Exhibit "1" attached hereto at Exhibit "O").  Again, the Pocono Mountain Defendants never identified or otherwise disclosed this document prior to the close of discovery, even though they clearly had possession and/or access to it as early as November 9, 2011, and even though Plaintiffs requested copies of any such administrative complaints in paragraph 2 of their First Request for Production of Documents.  (See Exhibit "3" at ¶ 2).  While the Pocono Mountain Defendants responded by claiming that any documents responsive to the request would be contained in "Defendants' personnel files", the administrative complaint produced for the first time in Exhibit "O" was not.[1]

---

[1]  It should also be noted that all documents produced during discovery by the Pocono Mountain Defendants were Bates Stamped on the bottom right hand corner of each document (i.e., Pocono Mountain 0000).  However, the documents produced for the first time in Exhibits "N", "O" and "R" as aforesaid were not Bates Stamped by the Pocono Mountain Defendants.  This is yet further evidence that these documents were not provided to Plaintiffs during discovery and, instead, were inappropriately produced for the first time in support of the instant motions for summary judgment.

The Pocono Mountain Defendants' failure to timely identify Chief Lamberton and/or to timely identify or produce the aforesaid documents contained within Exhibits "N", "O" and "R" constitutes a clear violation of the disclosure and/or discovery requirements of the Federal Rules of Civil Procedure. Moreover, the Pocono Mountain Defendants' failure to timely indentify Chief Lamberton and/or to timely identify or produce the information/documents contained within Exhibits "N", "O" and "R" is "not substantially justified" or "harmless". There can be no dispute that the Pocono Mountain Defendants had knowledge of and/or access to all of the information/documentation set forth in Exhibits "N", "O" and "R" from the inception of this case. Instead of providing that information/documentation in a timely fashion and giving Plaintiffs the chance to respond as required under the discovery rules, the Pocono Mountain Defendants chose to release it for the first time on summary judgment after the close of discovery. This they cannot do at this crucial and late stage of the proceeding under Rule 37(c)(1) which again, provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion"**.

Indeed, the Pocono Mountain Defendants' failure to timely identify and/or to produce this information/documentation prior to the close of discovery is highly inappropriate and highly prejudicial to Plaintiffs at this crucial and dispositive

stage of the proceedings. Thus, Exhibits "N", "O" and "R" must be stricken from the summary judgment record and, accordingly, the Pocono Mountain Defendants should be precluded from using any of the information or documentation contained in said exhibits in support of their instant motions for summary judgment or at any subsequent hearing or trial.

### III. CONCLUSION

For any or all of the foregoing reasons, Plaintiffs respectfully request that the instant motion to strike be granted, and that the Court enter the proposed Order filed contemporaneously herewith.

Respectfully submitted,

**WRIGHT & REIHNER, P.C.**

By: /s/ Frank J. Tunis, Jr.
George A. Reihner
Pa. ID No. 48419
Frank J. Tunis, Jr.
Pa. ID No. 84624
148 Adams Avenue
Scranton, PA  18503
(570) 961-1166
(570) 961-1199 – fax

Dated: August 23, 2012                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Frank J. Tunis, Jr., hereby certify that I have caused to be served on this day a true and correct copy of Plaintiffs' Brief in Support of Motion To Strike upon counsel of record via this Court's electronic filing system.

/s/ Frank J. Tunis, Jr. _____
Frank J. Tunis, Jr.

Dated:  August 23, 2012