# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLEAM SPIESS; KASHEEN THOMAS; GENE THOMAS, II; JALEEL HOLDEN and JOSE LACEN,** | : : : : : | No. 3:10cv287 (Judge Munley) |
| **Plaintiffs** | : | |
| v. | : : | |
| **MICHAEL RAKACZEWSKI, Esquire and WENDY BENTZONI** | : : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 14th day of January 2015, the parties' motions in limine are **GRANTED in part and DENIED in part** as follows:

1. Plaintiffs' motion to preclude from trial any evidence regarding plaintiffs' settlement with the police detectives (Doc. 135) is **GRANTED**;

2. Plaintiffs' motion to preclude from trial any evidence of Plaintiff Jose Lacen's juvenile sexual assault prosecution (Doc. 136) is **GRANTED**;

3. Plaintiff's motion to preclude evidence or testimony from Dr. Andrea Taroli (Doc. 137) is **GRANTED** to the extent that the court will limit Dr. Taroli's testimony to her forensic interview and examination of AJ

     on February 11, 2008, and any and all information she conveyed to Detective Luthcke and Defendant Bentzoni on that day;

4. Plaintiffs' motion to preclude statements from plaintiffs' criminal defense attorneys made following the dismissal of the criminal charges against plaintiffs (Doc. 138) is **GRANTED** as unopposed;

5. Plaintiffs' motion to exclude from trial any evidence pertaining to the defendants' and police detectives' beliefs that plaintiffs raped AJ and TM (Doc. 139) is **DENIED**; and

6. Defendants' omnibus motion in limine (Doc. 140) is **GRANTED in part and DENIED in part** as follows:

    a. Defendants' motion to preclude from trial any evidence of charges against Kadeem Allison is **DENIED**;

    b. Defendants' motion to exclude from trial evidence regarding the police detectives' alleged racial comments made during plaintiffs' interrogations is **GRANTED** as unopposed;

    c. Defendants' motion to preclude from trial any evidence pertaining to Defendant Rakaczewski's failure to prosecute AJ and TM for perjury after the preliminary hearing is **GRANTED**;

    d. Defendants' motion to preclude from trial any evidence of the

      alleged victims' subsequent criminal histories is **GRANTED**; and

e.    Defendants' motion to preclude from trial any evidence from Dr. Martinelli regarding Defendant Rakaczewski's fitness as a prosecutor is **GRANTED** as unopposed.

                    **BY THE COURT:**

                    **s/ James M. Munley**
                    **JUDGE JAMES M. MUNLEY**
                    **United States District Court**